## Steele *versus* Herrington.

1. When the prothonotary records that he acted for the absent defendant, in choosing arbitrators, and does not tell all the particulars of how he did it, the presumption is that he did it in due form and according to law.

ERROR to the Common Pleas of *Crawford county*.

Edward Herrington brought an action of debt against Hiram Steele, before a justice of the peace, and the case was afterwards carried by appeal to the Common Pleas. Plaintiff entered a rule of reference under the Compulsory Act, and served copy on defendant's attorney, providing for the choosing of arbitrators, on the 23d of August, 1856, at 1 o'clock, P. M. At the time appointed, defendant or his attorney not appearing, arbitrators were chosen according to the following entry on the back of the rule, signed by plaintiff's attorney and the prothonotary:

"And now, to wit, August 23, 1856, past 1 o'clock, P. M., and not 2 P. M., plaintiff by his attorney present, and the defendant not appearing by self or attorney, due proof of the service of within rule on S. N. Pettis, attorney for defendant, having been made, the prothonotary appearing for defendant, fixes the number of arbitrators at three, and nominates for him, and agrees with the attorney for plaintiff, on Bailey Courtney, T. J. Limber and Thomas Clempson, as arbitrators in this case; and the prothonotary fixes the day of trial Tuesday, the 9th day of September next, at 1 o'clock, P. M. of said day, at the court house in Meadville."

Due notice of the time and place of meeting of the arbitrators was served on defendant personally, on the 26th of August. September 9th, arbitrators met and rendered award for plaintiff, setting forth that "the defendant neither by self nor attorney was present." To this award, defendant's attorney filed exceptions, alleging: 1. The arbitrators were illegally appointed. 2. Want of sufficient notice. 3. General errors. The court dismissed the exceptions, and confirmed the award.

*Pettis*, for plaintiff in error, cited the 21st section of the Act of 1836, and also, in construction thereof, case of *Cave* v. *Crumley*, 2 P. L. J. 288, and contends the nominations should be made alternately, inasmuch as the act speaks of the nominations to be made by the prothonotary, and again "of objecting to the nominations" that the party present should make, provided he thought it necessary. In this case, there is nothing to show that the plaintiff's attorney nominated at all, nor any evidence that any nomination was made by either the attorney of the party present,

[Appleby Manor Road.]

or the prothonotary : but the record, in the handwriting of plaintiff's attorney, does show that the prothonotary "agrees with the attorney for plaintiff, on Bailey Courtney, T. J. Limber, and and Thomas Clempson as arbitrators," &c. These men, it is evident from the fact of the record, written by the attorney, being deficient and indefinite, were named in the aggregate and assented to by the prothonotary, just the kind of selection of arbitrators, in the absence of a party, that the act guarded against, its object being to render the proceedings as near as possible impartial, and not to let the present party have the whole selection to himself.

*Farrelly*, for defendant in error.

The record shows that the act has been complied with; that the prothonotary *did* nominate for the absent defendant. The proceedings were regular ; but to spread the whole manner of procedure upon the record is unnecessary, and to do so is unusual. The law presumes that the officer performed his duty. 2 Barr, 435. The case cited in 2 P. L. J. 288, is not analogous to this.

Opinion.

PER CURIAM.—We may suppose that this plaintiff in error has some serious ground of objection to this judgment, which might have been reached on an appeal, and that he tries this mode of getting it in, because he has slipped his time for that one.

But we cannot help him without deciding that, when the prothonotary records that he acted for the absent defendant in choosing arbitrators, and does not tell us all the particulars of how he did it, the presumption is that he did it wrong. No official proceedings could stand such a test. The presumption is the other way.

Judgment affirmed.